**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORY NAROG, | No. 11-18048 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03265-JAM-CKD |
| v. | |
| NEW YORK COMMUNITY BANK, a New York State Chartered Bank; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 15, 2014[**]
San Francisco, California

Before: BYBEE and BEA, Circuit Judges, and RESTANI, Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

Appellant Cory Narog appeals the district court's grant of Appellees' motions to dismiss. For the following reasons, we affirm.

1. Narog did not address the district court's holding in favor of Trustee Corps in his opening brief, which constitutes waiver. *Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010). The district court's ruling as to Trustee Corps is affirmed.

2. The district court did not err when it found that Narog failed to state a claim upon which relief can be granted against Appellant Federal Home Loan Mortgage Corporation, because he failed to allege an equitable claim based on prejudicial interference with his right of reinstatement. *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 633 (Cal. Ct. App. 2011). The exhibits attached to Narog's complaint show that, notwithstanding a typographical error in the address, the statutory notices were sent in compliance with the relevant statutes. The court could consider such documents attached to the complaint on the 12(b)(6) motion. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Narog cannot overcome the presumption of regularity that accompanied the sale, *see Residential Capital v. Cal-Western Reconveyance Corp.*, 134 Cal. Rptr. 2d 162 (Cal. Ct. App. 2003), and therefore has not alleged a cause of action in his fourth amended complaint. Accordingly, we need not and do not address whether a

complaint that correctly alleged interference with the right to reinstatement would also fail to state a claim without an allegation of full tender.

AFFIRMED.